UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NANETTE PRESTENBACH | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3921 |
| OCEAN HARBOR CASUALTY INSURANCE COMPANY | * | SECTION "D" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Nanette Prestenbach's Motion for Leave to File First Amended Complaint. ECF No. 23. Defendant Ocean Harbor Casualty Insurance Company timely filed an Opposition Memorandum. ECF No. 25. Plaintiff filed a Reply Memorandum. ECF No. 26. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff filed suit on August 21, 2023, seeking to recover for property damage resulting from Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds. ECF No. 1. Plaintiff alleged that Ocean Harbor issued policy no. DP0107865-**03** covering her property located at 202 Lake Long Drive, Houma, Louisiana. *Id.* ¶¶ 6, 7. She further alleges that, after notifying Defendant of Hurricane Ida damage, Defendant inspected the property but undervalued the damage and failed to deliver adequate payment for the loss. *Id.* ¶¶ 16-19.

1

In its Answer filed on November 16. 2023, Ocean Harbor denied that it issued policy no. DP0107865-03 covering Plaintiff's property located at 202 Lake Long Drive, affirmatively averred that it issued policy no. DP0107865-**02** (not -03) for covered losses at 117 Fairlane Drive, Gray, Louisiana (not 202 Lake Long Drive, Houma, Louisiana). ECF No. 13 ¶¶ 6-7; *see also* ¶¶ 9-10, 15, 26. Ocean Harbor incorporated by reference its "Policy" (previously defined in the Answer as policy no. DP0107865-02) in its Third Defense. *Id.* at p. 9.

Plaintiff terminated her original counsel and enrolled new counsel on April 30, 2024. ECF Nos. 19-20. Two weeks later, new counsel filed a Motion for Leave to File Amended Complaint seeking to correct the mistaken policy number and property address. ECF No. 23. Plaintiff argues she owns two properties and while she actually resides at the Lake Long property, the claim relates to her damaged property on Fairlane Drive, which property Defendant inspected and for which it paid approximately $25,000 in contractual damages. ECF No. 23-1 at 1; No. 26 at 1. Citing to the Declaration page, Plaintiff argues that her prior counsel mistakenly looked at the information in the "Named Insured and Address" block (identifying Plaintiff at her Lake Long address) rather than the "Insured Location" block (identifying the Fairlane Drive address). ECF No. 26 at 1 (citing 25-2). Plaintiff argues that amendment is proper as it will not cause any undue delay, prejudice or injustice, particularly given that Ocean Harbor was aware of the actual property at issue, inspected that property, and previously adjusted the claim as to that property. ECF No. 23-1 at 2; No. 26 at 1-2.

In Opposition, Ocean Harbor argues that Plaintiff's request is untimely. ECF No. 25 at 1-2, 4-5. Ocean Harbor contends that after Plaintiff filed suit in August 2023, it notified her of the mistaken policy number and property identification by email on September 19, 2023, and in its Answer filed November 16, 2023, but Plaintiff failed to take any action for an additional seven

months. ECF No. 25 at 2. Ocean Harbor contends it will suffer undue harm and prejudice because it would have to file another Answer, go through litigating a claim that had been timely and appropriately paid, and would be forced to litigate a different claim arising from different facts. *Id.* at 3, 6. Alternatively, Ocean Harbor argues that amendment is improper because the claim would not relate back and is thus untimely, and, therefore, futile. *Id.* at 3, 5-7.

## II. APPLICABLE LAW

Plaintiff did not amend within the automatic 21-day period set forth by Rule 15(a)(1), and thus, her request to amend is governed by Rule 15(a)(2), which requires either written consent of the opposing party or leave of court, which leave should be freely granted when justice so requires.[1] This inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[2] Although leave to amend is not automatic,[3] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[4]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the

---

[1] FED. R. CIV. P. 15(a)(2). When a party seeks leave to amend after the established deadline, the motion is governed by the more stringent good cause requirements of FED. R. CIV. P. 16(b) before addressing the matter under Rule 15(a)'s more generous standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).
[2] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).
[3] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)).

opposing party, and (5) futility of the amendment.[5] Denial of leave to amend is reviewed for abuse of discretion,[6] but absent a "substantial reason," the court's discretion "'is not broad enough to permit denial'" of a request for leave to amend.[7]

### A. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[8] However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[9] At some point, plaintiff's delay can be procedurally fatal.[10] In that situation plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[11] Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[12]

### B. Bad Faith

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad

---

[5] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer* 751 F.3d at 367 (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).
[6] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*, 376 F.3d at 425 (5th Cir. 2004) (quoting *Stripling*, 234 F.3d at 872).
[7] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[8] *See Smith*, 393 F.3d at 595 (stating that Rule 15(a) does not impose a time limit "'for permissive amendment'") (citation omitted); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires.").
[9] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[10] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)).
[11] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).
[12] *Mayeaux*, 376 F.3d at 427 (citations omitted).

judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[13]

### C. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[14]

### D. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[15] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . .

---

[13] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (interpreting Louisiana law).
[14] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 555 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit further amendment after plaintiff had amended twice).
[15] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

5

. that was before the court."[16]  Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial.[17]

### E. Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[18]  The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[19]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[20]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[21]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit

---

[16] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).
[17] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew.").
[18] *Marucci Sports,* 751 F.3d at 378 (citing *Stripling,* 234 F.3d at 873).
[19] *Twombly*, 550 U.S. at 555.
[20] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[21] *Iqbal,* 556 U.S. at 678 (citation omitted).

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[22]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[23]

If the proposed amendment asserts a time-barred claim, the amendment is futile unless it relates back to the original filing under Rule 15(c).[24] "If a claim asserted in an amended pleading relates back to the date of the original complaint and is thus not barred by limitations, then leave to amend should ordinarily be granted."[25] Relation back is allowed to "correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint."[26] "'The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by the statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings.'"[27] The purpose of Rule

---

[22] *Id.,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[23] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).
[24] *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).
[25] *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).
[26] *Flores v. Cameron Cnty.*, 92 F.3d 258, 273 (5th Cir. 1996) (quoting *Conner*, 20 F.3d at 1386).
[27] *Id*. at 272-73 (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-67 (5th Cir. 1994)) (alteration omitted); *see also Conner*, 20 F.3d at 1385 ("Permitting such an augmentation or rectification of claims that have been asserted before the limitations period has run does not offend the purpose of a statute of limitations, which is simply to prevent the assertion of stale claims.").

15(c) is to balance the interests of the defendant protected by the statute of limitations with the preference for resolving disputes on their merits.[28]

Rule 15(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

(c) Relation Back of Amendments.

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; . . . .

FED. R. CIV. P. 15(c)(1)(B). This rule thus provides that an amendment relates back to the original pleading not only when it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading, but also when it arises from the same facts, transaction or occurrence *attempted to be set out* in the original pleading.

## III. ANALYSIS

Although ten months have passed since Plaintiff filed suit, the case has not progressed in this court as it has been subject to the Hurricane Ida Case Management Order. No Scheduling Order has yet been issued, there is no discovery deadline, and no substantive motions have been filed or addressed. Given the status, there is no basis to find undue delay or undue prejudice. Likewise, there is no suggestion that the request for leave to amend is in bad faith, involves fraud, or is designed to mislead or deceive, nor has Plaintiff previously failed to respond to pleading deficiencies as directed.

Plaintiff's complaint sought to recover for additional contractual and extra-contractual damages arising from Hurricane Ida. Plaintiff notified Ocean Harbor of the damage, and Ocean

---

[28] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (citations omitted).

Harbor inspected the property at Fairlane Drive in Gray, Louisiana, adjusted that loss and paid Plaintiff under the appliable policy. ECF No. 26.  Plaintiff then filed this suit to challenge Ocean Harbor's adjustment and payment.  Despite Plaintiff's mistaken identification of the policy number extension (-03 rather than -02) and the listing of her home address instead of the insured property address in the complaint, both of which properties are shown on the Declaration page (ECF No. 25-2 at 1), Defendant Ocean Harbor was aware of both the correct policy number and property location.  Indeed, Ocean Harbor delivered a certified copy of the correct policy (policy number DP0107865-02) to Plaintiff in response to suit (ECF No. 25 at 2) and affirmatively identified the correct policy and property location repeatedly in its Answer.  ECF No. 13.

Plaintiff's amended claim thus appears to arise from the same facts and transaction attempted to be asserted in the original Complaint.  Therefore, it would relate back to that original filing.  As such, it is not time-barred or futile.

## IV. CONCLUSION

Considering the relevant Rule 15(a) factors and the relation back provisions of Rule 15(c), this Court cannot find that there is a "substantial reason" to deny Plaintiff's request for leave to file a First Amended Complaint.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 23) is GRANTED.

New Orleans, Louisiana, this ___12th___ day of June, 2024.

_____<br>
DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE