## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**NANETTE PRESTENBACH**                              **CIVIL ACTION**

**VERSUS**                                          **NO. 23-3921**

**OCEAN HARBOR CASUALTY**                           **SECTION: D (2)**
**INSURANCE COMPANY**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)(6) filed by Defendant Ocean Harbor Casualty Insurance Company ("Ocean Harbor").[1] Plaintiff Nanette Prestenbach opposes the Motion.[2] Ocean Harbor filed a Reply in support of its Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Finding no clear error, the Court adopts by reference the factual background of this action as detailed by the United States Magistrate Judge in her Order and Reasons granting the Plaintiff's Motion for Leave to File First Amended Complaint.[4]

As previously explained by the Magistrate Judge, Plaintiff Nanette Prestenbach initially filed suit against Defendant Ocean Harbor Casualty Insurance Company in this Court on August 21, 2023 to recover contractual and

---

[1] R. Doc. 31.
[2] R. Doc. 32.
[3] R. Doc. 33.
[4] *See* R. Doc. 27 at pp. 1–3.

extracontractual damages allegedly sustained by the Plaintiff.[5]  In her initial Complaint, the Plaintiff alleged that the Defendant breached the terms of an insurance policy bearing policy number DP0107865-03 covering the Plaintiff's property located at 202 Lake Long Drive, Houma, Louisiana.[6]  Several months later, with new counsel, Plaintiff filed a Motion for Leave to File Amended Complaint seeking to amend the policy number of the insurance policy at issue and the address of the covered property.[7]

The Defendant opposed the Motion, arguing that the Plaintiff needlessly delayed in filing an amended complaint when she had had the correct information for months and that her allegedly prescribed new claims did not "relate back" to her initial complaint.[8]  The Magistrate Judge thoroughly addressed the parties' contentions and found that the Plaintiff should be granted leave to file her amended complaint.[9]  Specifically, the Magistrate Judge found that no prejudice would result to the Defendant by allowing the Plaintiff to file an amended complaint and that Plaintiff's amended claim relates back to her initial Complaint because the claim "appears to arise from the same facts and transaction attempted to be asserted in the original Complaint."[10]  The Magistrate Judge granted the Plaintiff's Motion and the

---

[5] R. Doc. 1.

[6] *Id.* at ¶¶ 6, 7.

[7] R. Doc. 23.  Specifically, Plaintiff sought to amend the policy number from DP0107865-03 to DP0107865-02 and the covered property address from 202 Lake Long Drive, Houma, Louisiana to 117 Fairlane Drive, Gray, Louisiana.  The sum and substance of Plaintiff's claims, *i.e.*, that the Defendant failed to timely pay loss amounts for damage to her property, remained the same.

[8] *See* R. Doc. 25.

[9] R. Doc. 27.

[10] *Id.* at p. 9.

Clerk's Office filed the Plaintiff's First Supplemental and Amending Complaint into the record.[11]

Three weeks later, Ocean Harbor filed its Motion to Dismiss, asking the Court to dismiss Plaintiff's complaint as time-barred because the Plaintiff's First Supplemental and Amending Complaint was filed more than two years after Hurricane Ida, thus past the prescriptive period, and because the amendment does not relate back to the original Complaint under Fed. R. Civ. P. 15(c).[12] Plaintiff filed a response in opposition to the Motion arguing that Ocean Harbor's arguments were already considered and rejected by the Magistrate Judge and therefore moot.[13] In its reply, Ocean Harbor disagrees with the Plaintiff that it "simply rehash[ed] the arguments made in its opposition to the plaintiff's motion for leave" and again argues that Plaintiff fails to demonstrate good cause for her delay in filing the amended complaint and fails to show that the amended complaint relates back to the original complaint.[14]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[15] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[11] R. Doc. 28.
[12] R. Doc. 31.
[13] R. Doc. 32.
[14] R. Doc. 33.
[15] Fed. R. Civ. P. 12(b)(6).

on its face.'"[16]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[18]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[19]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[20]  "Dismissal is appropriate when the complaint on its face shows a bar to relief."[21]  Dismissal under Rule 12(b)(6) may also be appropriate "where it is evident from the plaintiff's pleadings that the action" has prescribed under the applicable prescription statute.[22]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[23]

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).

[18] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

[19] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

[20] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[21] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[22] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)); *see also Anderson v. City of New Orleans*, No. CIV.A. 03-3010, 2004 WL 1396325, at *3 (E.D. La. June 18, 2004) ("A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the prescriptive period has run.").

[23] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

## III.   ANALYSIS

As discussed above, the Magistrate Judge has already determined that the Plaintiff should be granted leave to file her amended complaint.  In her Order and Reasons, the Magistrate Judge specifically determined that Plaintiff's Supplemental and Amending Complaint, despite being filed after the applicable prescriptive period had run, relates back to her original complaint under Fed. R. Civ. P. 15(c)[24] and therefore should be allowed.[25]  Ocean Harbor is therefore mistaken when it argues that the Court has not addressed its prescription argument.[26]  Indeed, the only reason why relation back was even addressed by the Magistrate Judge in the first place was because of the timing arguments that Ocean Harbor now claims the Court has not ruled on.  As the parties are no doubt well aware, the relation back doctrine of Fed. R. Civ. P. 15(c) only becomes relevant where an amendment to a pleading is likely otherwise barred by an applicable statute of limitations.[27]

Despite Ocean Harbor's protestations to the contrary, Ocean Harbor's Motion is little more than a rehashing of its opposition to the Plaintiff's motion for leave to

---

[24] Federal Rule of Civil Procedure 15(c) provides in relevant part: "(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

[25] *See* R. Doc. 27 at p. 9.

[26] *See* R. Doc. 33 at p. 3 ("Yet, the plaintiff needed to amend her complaint and the causes of action on or before August 29, 2023, two year after the date of loss. . . . Instead, the plaintiff argues that this Court has already ruled on this argument, but it has not.").

[27] *See, e.g.*, *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations.").

file an amended complaint, *i.e.*, that Plaintiff's amended complaint is untimely and does not relate back to her original complaint. While Ocean Harbor claims that its arguments in the present Motion are "completely different from the argument asserted in Opposition to the plaintiff's Motion for Leave,"[28] the opposite is in fact the case.[29] Entire paragraphs of Ocean Harbor's Opposition Memorandum to Plaintiff's Motion for Leave to File Amended Complaint are identical to Ocean Harbor's current Motion before this Court. Ocean Harbor has now twice made the exact same arguments regarding relation back, almost word for word.

Ocean Harbor's request that this Court now dismiss the Plaintiff's amended complaint as prescribed essentially requires the Court to reexamine and overrule the Magistrate Judge's Order and Reasons. However, Ocean Harbor did not file a motion to review the Magistrate Judge's Order as would have been procedurally proper.[30] Even if the Court were to construe the instant Motion as one for review of the Magistrate Judge's Order and Reasons[31], the Court finds that Ocean Harbor is not entitled to the relief sought because Ocean Harbor fails to demonstrate that the

---

[28] R. Doc. 33 at p. 2.

[29] *Compare* R. Doc. 25, *with* R. Doc. 31-1 *and* R. Doc. 33.

[30] *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); Local Rule 72.2 ("A motion to review a magistrate judge's order or an objection to the proposed findings and recommendation of a magistrate judge must be made by filing a motion or objection along with a supporting memorandum.").

[31] If the Court were to construe the present Motion as a motion for review of the Magistrate Judge's Order, the Court would deny such motion as untimely. Pursuant to Fed. R. Civ. P. 72(a), any objection to a magistrate judge's order must be filed within fourteen days of service of the order. Ocean Harbor filed its Motion on July 3, 2024, more than fourteen days after the June 12, 2024 Order and Reasons. Accordingly, the Motion is untimely.

Magistrate Judge's Order and Reasons was "clearly erroneous or contrary to law."[32] The Magistrate Judge correctly applied Fed. R. Civ. P. 15(c) to the facts of this case and concluded that because Plaintiff's claims in her amended complaint relate back to the claims asserted in her original complaint, the running of the prescriptive period does not bar the filing of the amended complaint.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)(6)[33] is **DENIED**.

New Orleans, Louisiana, July 22, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[32] *Otkins v. Gilboy*, No. CV 21-1275, —F. Supp. 3d—, 2024 WL 382432, at *3 (E.D. La. Feb. 1, 2024) (Vitter, J.) (quoting 28 U.S.C. § 636(b)(1)(A)).
[33] R. Doc. 31.